**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3406
_____

MARINA LOPEZ-BONILLA;
F.F.F.-L. (MINOR CHILD),
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A208-380-773
Agency No. A208-380-774)
Immigration Judge: John B. Carle

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018

Before:  McKEE and RESTREPO, *Circuit Judges*.[*]

(Opinion filed: March 21, 2019)

_____

OPINION[**]

---

[*] The Honorable Thomas I. Vanaskie a member of the merits panel retired from the Court on January 1, 2019 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

_____

McKEE, *Circuit Judge*.

Marina Lopez-Bonilla and F.F.F.-L. (her minor child), natives of Honduras, petition for review of a final order of removal entered against them by the Board of Immigration Appeals. The BIA adopted and affirmed the Immigration Judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons that follow, we will dismiss the petition for review.[1]

**I.**

To be granted asylum, one must prove that s/he is a "refugee" as defined in the Immigration and Nationality Act. A refugee is there defined as one who: (1) is being persecuted based on their "race, religion, nationality, membership in a particular social group, or political opinion;" and (2) can establish past persecution or a well-founded fear of future persecution if returned to their country of nationality.[2] The applicant bears the burden of proof in establishing refugee status.

Petitioners sought to establish persecution on the basis of their membership in the Fredys Lopez-Hernandez family. The IJ agreed that, for the purposes of refugee status,

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1. We have jurisdiction under 8 U.S.C. § 1252. Our standard of review of the BIA's legal conclusions is *de novo*. *Escobar v. Gonzales*, 417 F. 3d 363, 365 (3d Cir. 2005). Because the BIA adopted the findings of the IJ and made additional findings, we will review the decisions of both the BIA and the IJ. *Escobar v. Gonzales*, 417 F. 3d 363, 365 (3d Cir. 2005) (citing *Wang v. Ashcroft*, 368 F. 3d 347, 349 (3d Cir. 2004)).
[2] 8 U.S.C. 1101(a)(42)(A).

the "nuclear family of Fredys Lopez-Hernandez" qualifies as a particular social group. But, the IJ correctly concluded that Petitioners did not qualify for asylum because they failed to establish that a nexus between the social group and the alleged persecution. The IJ determined that the alleged persecution was nothing more than generalized criminality and violence.

In addition, none of the threats the Petitioners received resulted in physical harm. Although a threat may constitute persecution, we have "refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm."[3] Consequently, these threats failed to rise to the level of persecution.

## II.

For the same reasons that Petitioners' proof failed to establish an asylum claim, it also failed to support a claim that they qualify for withholding of removal. Substantial evidence supports the IJ's finding that the Petitioners failed to meet the burden for withholding of removal. As discussed above, the testimony of the Petitioners undermines their claims of persecution and refugee status.

## III.

Finally, Petitioners have failed to make a credible claim for relief under the CAT. Petitioners alleged persecutors were not government agents nor persons the government

---

[3] Chavarrie v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006) (quoting Li. V. Att'y Gen., 400 F3d 157, 164 (3d Cir. 2005)

was unwilling or unable to control. Petitioners' own testimony established that they were threatened to discourage them from reporting information concerning the Fredys Lopez-Hernandez murder to law enforcement. That evidence not only failed to establish government involvement or acquiescence, it showed exactly the opposite. The purported perpetrators were concerned that the government would enforce the law and punish them for their criminal conduct. As we have just noted, the fact that the threats were intended to dissuade them from reporting criminal activity to the government undermines the required proof that they will be tortured by the Honduran government or by persons whom that government is unwilling, or unable to control.

For the foregoing reasons, we will dismiss the Petition for Review.